# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>         v.<br><br>ROBERTO GUTIERREZ ARELLANO,<br><br>             Defendant. | Case No.  20-CR-002-DSF<br><br>ORDER OF DETENTION |

I.

The Court conducted a detention hearing:

☐      On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case:
 allegedly involving:

   (  ) a crime of violence.

   (  ) an offense with a maximum sentence of life imprisonment or
   death.

//

//

    ( ) a narcotics or controlled substance offense with the maximum sentence of ten or more years.

    ( ) any felony – where defendant convicted of two or more prior offenses described above.

    ( ) any felony that is not otherwise a crime of violence that involves a minor victim, or possession of a firearm or destructive device or any other dangerous weapon, or a failure to register under 18 U.S.C. § 2250.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving, on further allegation by the Government of:

    (X) a serious risk that defendant will flee

    ( ) a serious risk that the defendant will ( ) obstruct or attempt to obstruct justice; ( ) threaten, injure or intimidate a prospective witness or juror, or attempt to do so.

☐ The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

## II.

☒ The Court finds that no condition or combination of conditions will reasonably assure:  ☒ the appearance of the defendant as required.

    ☒ the safety of any person or the community.

☐ The Court finds that the defendant has not rebutted by sufficient evidence to the contrary the presumption provided by statute.

## III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered all the evidence adduced at the hearing and the arguments, the arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

## IV.

The Court bases its conclusions on the following:

☒ As to risk of non-appearance: no legal immigration status; prior removals from country; active warrant.

☒ As to danger to the community: criminal history including DUIs and driving on suspended license; substance/alcohol abuse

///
///
///

## V.

☐ The Court finds a serious risk that the defendant will

    ☐ obstruct or attempt to obstruct justice.

    ☐ threaten, injure or intimidate a prospective witness or juror, or attempt to do so.

The Court bases its conclusions on the following:

### VI.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated:  05/15/2020

_____
HON. ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE